Vera ANDERSON, Appellant,

v.

Robert L. JONES, D.D.S., Appellee.

No. 89–1537.

District of Columbia Court of Appeals.

Argued Nov. 13, 1991.
Decided April 10, 1992.

---

**9.** *See supra* note 3.

Barbara L. Smith, for appellant. T. Carlton Richardson was on the brief, for appellant.

Steven A. Hamilton, with whom Stacey E. Jackson was on the brief, for appellee.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

The patient Anderson brought an action against oral surgeon, Dr. Jones, initially for malpractice and battery. The trial court dismissed Anderson's complaint on grounds that the dental malpractice claim failed to state a claim for negligence upon which relief could be granted and that the statute of limitations had run on the battery claim (D.C.Code § 12–301(4) (1989 Repl.)). The trial court ruled, however, that Anderson could, "if consistent with Rule 11," file an amended complaint alleging lack of informed consent, and Anderson later did so. Another judge of the same court later granted Dr. Jones' motion for summary judgment. Anderson contends that summary judgment was improperly granted because genuine issues of material fact remain in dispute and can only be resolved by a jury. We reverse the grant of summary judgment and remand for trial.

I

Appellant Vera Anderson was referred by her dentist to Dr. Jones, a dentist specializing in oral and maxillofacial surgery, for evaluation of the condition of Anderson's teeth and gums, as well as the possible removal of an exostosis, a bony

protrusion in the roof of her mouth.[1] The oral surgery that Jones performed on Anderson included periodontal surgery (gum cleaning)[2] and removal of the exostosis.[3] Anderson initially brought an action against Dr. Jones for battery and, in the alternative, for medical malpractice. She claimed that the oral surgery on the roof of her mouth by Dr. Jones was without her consent or knowledge and was negligently performed, resulting in a two millimeter hole through the roof of her mouth, an oral-nasal fistula, which caused her pain and discomfort. The trial court dismissed the battery claim because it was time-barred, as well as the malpractice claim because Anderson 'failed to state a negligence claim on which relief could be granted.

Thereafter, Anderson, with the court's permission, filed an amended complaint alleging an action for negligence for lack of informed consent. She claimed that the dentist breached his duty to warn her of the material risks of the surgery on the roof of her mouth to which she would not have consented if appropriately informed of such risks. In granting Dr. Jones' motion for summary judgment (Order of August 29, 1989), the court considered "[Dr. Jones'] Statement of Material Facts Not in Dispute,[4] and the Memorandum of Points and Authorities, a review of the pertinent pleadings, discovery materials and transcripts of the hearing [March 21, 1988] ... and any opposition filed thereto by [Anderson][5]" (footnotes added), and decided that *Kelton v. District of Columbia,* 413 A.2d 919 (D.C.1980), controlled. In *Kelton,* we held that when a patient has

1. Dr. Jones diagnosed Anderson as having severe maxillary and mandibular anterior periodontitis and maxillary midpalatal exostosis.

2. Webster defines "periodontal" as of or affecting tissues or regions investing or surrounding a tooth. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1681 (1986).

3. In her deposition, Dr. Theola Lyles, Anderson's new dentist, explained that Anderson had surgery on the roof of her mouth.

4. In this statement, Dr. Jones discusses statements made by Anderson in her verified com-

plaint, her answers to interrogatories, her sworn deposition, her new dentist's sworn deposition, and her pretrial statement where she denies having consented to the surgery to the roof of her mouth.

5. Anderson, in her Opposition to Defendant's Motion for Summary Judgment, asserts that one of the genuine issues of material fact which must be decided by the jury is "whether [Dr. Jones] obtained the informed consent from [Anderson] prior to treatment."

not consented to the surgery in question and has not alleged negligence, the only viable cause of action is one for battery. However, appellant contends that her original complaint sounded in negligence as well as battery. Furthermore, the standardized consent form that she signed "grant[ed] authority to Robert L. Jones, D.D.S. . . . . to administer any treatment ... and to perform such operations as may be deemed necessary or advisable in the diagnosis and treatment of [Anderson]" and, accordingly, bestowed Dr. Jones with the necessary consent for all the oral surgery he performed. Such consent, she says, would void an action for battery so that *Kelton, supra,* 413 A.2d 919, would not apply. Instead, she claims to have a negligence action for lack of informed consent which enjoys a three year statute of limitations, pursuant to *Crain v. Allison,* 443 A.2d 558 (D.C.1982). There we agreed with the Circuit Court's rationale in *Canterbury v. Spence,* 150 U.S.App.D.C. 263, 464 F.2d 772, *cert. denied,* 409 U.S. 1064, 93 S.Ct. 560, 34 L.Ed.2d 518 (1972), and held that the reasonableness of a physician's disclosure to the patient of material risks of treatment was a proper subject for a jury. *Crain, supra,* 443 A.2d at 562. Thus, in reliance on *Crain,* appellant argues that several material fact questions arise which a jury must resolve.

## II

Superior Court Civil Rule 56(c) provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Nader v. de Toledano,* 408 A.2d 31, 41 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); *Burch v. Amsterdam Corp.,* 366 A.2d 1079, 1083–84 (D.C.App.1976). This court, in reviewing a grant of summary judgment, must view the facts in "the light most favorable to the non-moving party," here, appellant Anderson. *Sayan v. Riggs National Bank of Washington,* 544 A.2d 267, 268 (D.C.

1988). Also, we are required to conduct an independent review of the record. *Scrimgeour v. Magazine,* 429 A.2d 187, 188 (D.C.1981). Anderson, however, "must set forth specific facts showing that there is a genuine issue for trial," and must demonstrate that a jury or judge is necessary to resolve the disputed fact. Super.Ct.Civ.R. 56(e); *see Nader, supra,* 408 A.2d at 42. We conclude that Anderson has made the necessary showing and has a viable cause of action for negligence.

## III

The trial court's reliance on *Kelton, supra,* 413 A.2d at 919, was misplaced. In *Kelton,* a health care provider sterilized a patient without explicit consent. Because the patient had "raised no claim of negligence," this court held that such a person had a cause of action only for battery, which was barred by the one year statute of limitations. *Id.* at 923. In contrast to the patient in *Kelton,* Anderson had initially alleged not only a cause of action for battery against Dr. Jones, but she had also claimed that he had performed the removal of the exostosis in a negligent manner thereby causing injury. Anderson was later permitted by the court to plead the alternative legal theory of negligence, pursuant to Super.Ct.Civ.R. 8(e), "regardless of consistency." Thus, we think the amended complaint is consistent with the trial court's ruling allowing it to be filed.

While it is true that in *Kelton,* the patient signed the standard surgical consent form for a Caesarian section, this court regarded such general consent as insufficient to grant permission for the unrelated surgery. *Kelton, supra,* 413 A.2d at 921. Anderson, however, signed a broad consent form which authorized Dr. Jones "to perform such operations as may be deemed necessary or advisable in the ... treatment" of Anderson. This consent form was adequate to permit Dr. Jones to perform whatever oral surgery he regarded as necessary, *i.e.,* the excision of the exostosis, as well as the gum cleaning. Despite this valid consent by Anderson, Dr. Jones asserts that Anderson is only now claiming that she did not give her informed consent

to removal of the exostosis. This assertion, he argues, is factually inconsistent with Anderson's prior contentions that she did not consent at all to the operation and this shift of factual position violates the stricture of Super.Ct.Civ.R. 11 that all pleadings be "well grounded in fact." We think, however, that Anderson, a lay person, erroneously, but understandably, previously believed Dr. Jones had committed a battery against her even though the consent form belies this cause of action. Therefore, we conclude that the case is not time-barred as a battery action.

■ The issues remaining are whether Anderson has a cause of action for negligence for lack of informed consent and, if so, whether there are material issues in dispute which require a jury to resolve. In other words, we must determine whether a jury is necessary to decide whether Dr. Jones "breach[ed] his duty to disclose" which *"induced* [Anderson's] uninformed consent to a risky operation from which damages actually resulted." *Kelton, supra,* 413 A.2d at 922 (emphasis added). In malpractice actions generally, a causal relationship between the doctor's failure adequately to divulge and damage to the patient exists when "disclosure of significant risks incidental to treatment would have resulted in a decision against it." *Canterbury, supra,* 150 U.S.App.D.C. at 281, 464 F.2d at 790. In *Crain, supra,* we agreed with "the Circuit Court's ... decision and its rationale" in *Canterbury* and held that establishing reasonableness of a physician's disclosure was a proper subject for a jury. *Crain, supra,* 443 A.2d at 562. We stated that the proper scope of disclosure by a doctor to a patient "is measured by the informational needs of the patient," and held "that the standard for measuring performance of the physician's duty to disclose is conduct which is reasonable under the circumstances." *Id.* Moreover, because "different patients have varying needs for information," we acknowledged that "the scope of disclosure will vary even among patients with the same condition." *Id.*

■ In applying the *Crain* test to the instant case, Dr. Jones was required to disclose "material risks" to Anderson. Thus, the question for a jury to ponder is "whether a *reasonable person,*" regarding what the doctor knew or should have known of Anderson's circumstance, "would consider the information material to [her] decision." *Id.* (emphasis added). The jury would deem the information as material "if [a] *reasonable person*" considering what Dr. Jones knew or should have known of Anderson's circumstance "would be likely to attach significance to the risks in deciding to accept or forego" the removal of the exostosis. *Id.* (emphasis added).

Accordingly, we perceive several questions of fact which require a jury to resolve. These questions include, at least, the following: (1) whether a reasonable person regarding what Dr. Jones knew or should have known to be Anderson's circumstance would be likely to consider risks of removal of the exostosis as material to her decision; (2) whether a reasonable person considering what Dr. Jones knew or should have known to be Anderson's circumstance would be likely to attach importance to the risks involved when deciding to have the surgery; (3) whether the scope of Dr. Jones' disclosure was adequate for Anderson's situation; [6] (4) whether compensable damages actually resulted from the risky operation; and (5) whether Anderson was contributorily negligent. Thus, in our independent review of the record and viewing the facts in a light most favorable to Anderson, the party opposing the motion, we conclude that Anderson has shown that facts alleged to be in dispute are material, and that it will be necessary for a jury to resolve these disputed facts. The trial court's grant of the motion for summary judgment is, therefore, reversed, and the case is remanded for trial.

*Reversed and remanded.*

---

6. *See Henderson v. Milobsky,* 193 U.S.App.D.C. 269, 271 n. 8, 595 F.2d 654, 656 n. 8 (1978) (a patient has the right to refuse to be told of any risks inherent in a procedure, or to learn everything material about the proposed and alternate procedures).